{¶ 40} I must respectfully disagree with the majority's conclusion in this case and would reverse the decision of the trial court and remand for further proceedings consistent with this opinion.
 {¶ 41} First, in order to reach a proper disposition in this case, I believe a more detailed recitation of the facts is necessary.
 {¶ 42} On May 16, 2005, at 10:13 a.m., an Application to Settle a Minor's Claim was filed in the Hancock County Court of Common Pleas, Probate Division and at 10:32 a.m., 29 minutes later, the trial court filed an Entry Approving Settlement of a Minor's Claim, which ordered payment of $100,000 to Appellant for attorney fees.
 {¶ 43} On May 17, 2005 at 3:53 p.m., a day after the trial court filed its Entry Approving Settlement of a Minor's Claim, Hackenberg filed motions to intervene, to vacate the trial court's prior order, and for an ex parte order. On the same day, at 4:23 p.m., a mere 30 minutes later, the trial court filed an ex parte order, which "ordered ex parte that the previously entered Entry Approving Settlement of a Minor's Claim be and hereby is rescinded and held for naught."
 {¶ 44} On May 18, 2005, at 4:06 p.m., Appellant filed via facsimile and regular US Mail a Response to Prior Counsel's Motion to Intervene, Motion to Vacate Prior Order, Motion for Ex Parte Order, and Request for More Definitive Instructions from the Court.
 {¶ 45} On July 29, 2005, the trial court entered a judgment entry modifying its ex parte Order "to release all proceeds of settlement except for the approved attorneys fees" and setting a trial date to determine the claims for attorneys fees in September of 2005.
 {¶ 46} Upon my review of the record, I am extremely troubled by the trial court's decision to issue an ex parte order vacating a final judgment without allowing Appellant the opportunity to respond to Hackenberg's motions or holding a hearing to determine whether Hackenberg's motions had merit. This is especially troublesome considering that Hackenberg's motions do not provide any statutory authority or case law, which provide the trial court the ability to grant any of the motions. Other than a few letters sent between Appellant and Hackenberg, and a document entitled "Contingent Fee Contract", which is allegedly signed by Nancy, Hackenberg has not provided an accounting of time or monies spent, which indicates that Hackenberg actually worked on Stine's insurance claim. By proceeding in such an abrupt manner, I would find that the trial court has acted unreasonably, arbitrarily, and unconscionably. I would find that the principles of due process require this Court to reverse the judgment of the trial court and remand for further proceedings. To do otherwise denigrates the well-settled doctrine of finality of judgments.